## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Respondent Below, Respondent**

**FILED**

May 29, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 14-0988** (Monongalia County l4-P-231)

**T.D.,**
**Petitioner Below, Petitioner**

## MEMORANDUM DECISION

Petitioner T.D.,[1] appearing *pro se*, appeals the order of the Circuit Court of Monongalia County, entered September 8, 2014, that denied his petition to have four misdemeanor convictions expunged from his record. Respondent State of West Virginia, by counsel Shannon Frederick Kiser, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

According to his verified petition of expungement, petitioner was convicted of five misdemeanor offenses "related to the consumption of alcohol while a freshman at West Virginia University." Specifically, in No. 12-M3lM-6104, the Magistrate Court of Monongalia County, West Virginia, convicted petitioner of the misdemeanor offenses of underage consumption of alcohol pursuant to West Virginia Code § 11-16-19(a)(1) and of public intoxication pursuant to West Virginia Code § 60-6-9(a)(1) based on an incident occurring on August 17, 2012. In No. l3-M31M-1948, the magistrate court convicted petitioner of the misdemeanor offense of underage consumption of alcohol pursuant to West Virginia Code § 11-16-19(a)(1) based on an incident occurring on March 18, 2013. In No. 13-M3lM-2517, the magistrate court convicted petitioner of the misdemeanor offense of underage consumption of alcohol pursuant to West Virginia Code § 11-16-19(a)(1) based on an incident occurring on April 6, 2013.[2] Also, petitioner was convicted in

---

[1] Because this case relates to an expungement matter, it is confidential pursuant to Rule 40(e)(1) of the West Virginia Rules of Appellate Procedure.

[2] The magistrate court dismissed a misdemeanor charge of underage possession of alcohol—also brought under West Virginia Code § 11-16-19(a)(1)—in No. 13-M13M-2517 pursuant to a plea agreement.

1

York County, Pennsylvania, of the summary offense of purchasing of an alcoholic beverage by a minor pursuant to 18 Pa. Cons. Stat. Ann. § 6308(a) based on an incident occurring on March 27, 2013.

On June 16, 20l4, petitioner filed his petition in the Circuit Court of Monongalia County, West Virginia, seeking to have his convictions in this state expunged from the record pursuant to West Virginia Code § 61-11-26, which provides that a person who, between the ages of eighteen and twenty-six,[3] commits a misdemeanor offense or offenses "arising from the same transaction" may apply to the circuit court for expungement. *See* W.Va. Code § 61-11-26(a). The State filed a response on June 25, 2014, opposing the petition on the ground that expungement "is only available to persons having *no other prior or subsequent convictions*[.] *See* W.Va. Code § 61-11-26(b) (emphasis added).

At a September 3, 2014 hearing, petitioner's attorney conceded that West Virginia Code § 61-11-26(b) constrained the circuit court's ability to expunge petitioner's convictions. The circuit court gave its reasons for holding the hearing while making its ruling from the bench:

> . . . [W]henever there's a denial of expungement, I generally set it down for hearing because I think the [p]etitioners deserve a right to know why they're being denied. And[,] it's not because the Court doesn't see the harm. The Court does see the harm. In fact, the prosecutor sees the harm as well. It's not that the prosecutor wishes to argue against the expungement. It's that we are charged with following the law.
>
> And, unfortunately, young man—and I don't even need your—I've read your argument, and it's right on[.] . . . But, I don't have any choice. My job as a judge is to follow the law. And, unfortunately, the law is that if you receive a subsequent charge, or a prior charge, then you can't expunge the record. So[,] as much as I would like to expunge the record, I can't do it. So[,] the petition for expungement is denied. . . .

On September 8, 2014, the circuit court entered its written order denying the petition. The circuit court found that "Petitioner fail[ed] to qualify for expungement pursuant to West Virginia Code § 6l-1l-26[(b)]."

Petitioner now appeals the circuit court's September 8, 2014, order denying his petition to have his misdemeanor convictions expunged from the record. "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 179, 469 S.E.2d 114, 115 (1996).

---

[3] Petitioner was born on May 3, 1994; therefore, he was eighteen-years-old at the time of his offenses.

On appeal, petitioner assigns two errors to the circuit court's denial of his petition: (1) the circuit court erred in not taking his testimony at the September 8, 2014, hearing because West Virginia Code § 61-11-26(c)(10) provided him with the opportunity to explain in person the steps he had taken toward rehabilitation; and (2) West Virginia Code § 61-11-26(b) is ambiguous as to whether a person with prior or subsequent convictions may apply for expungement because West Virginia Code § 61-11-26(c) notes that a petition may be made with regard to multiple convictions. The State counters that petitioner's arguments based on West Virginia Code § 61-11-26(c) lack merit. We agree with the State.

First, we reject petitioner's argument that West Virginia Code § 61-11-26(c) afforded him an opportunity to explain his efforts at rehabilitation in person.[4] We note that West Virginia Code § 61-11-26(c) requires that a petition for expungement be verified under oath and lists the subjects that the verified petition must address.[5] West Virginia Code § 61-11-26(c) does not provide that live testimony must be taken on any of the topics it delineates. Rather, we determine that West Virginia Code § 61-11-26(g) answers whether the circuit court was compelled to hear petitioner's testimony in support of the petition to have his convictions expunged. Pursuant to West Virginia Code § 61-11-26(g), the circuit court had three options once petitioner filed his petition: (1) summarily grant the petition; (2) set a hearing; or (3) summarily deny the petition because it is insufficient or because petitioner was not eligible to apply for expungement "as a matter of law." In this case, as reflected by the hearing transcript, the circuit court concluded that petitioner was ineligible to apply as a matter of law, but felt that petitioner deserved to be informed of the same in person.

We consequently find that this case turns on petitioner's second assignment of error: whether the circuit court correctly determined that petitioner was ineligible to apply to have his convictions expunged pursuant to West Virginia Code § 61-11-26(b). West Virginia Code § 61-11-26(b) provides, in pertinent part, that expungement is "only available to persons having *no other prior or subsequent convictions*." (emphasis added). Petitioner contends that West Virginia Code § 61-11-26(c) interjects some ambiguity into the matter because it refers to "conviction or convictions." However, we determine that West Virginia Code § 61-11-26(c)'s reference to more than one conviction is explained by West Virginia Code § 61-1-26(a) permitting a person to petition to have multiple misdemeanor convictions expunged provided that those "offenses [arise] from the same transaction." Also, by requiring that convictions eligible for expungement must arise from the same transaction—or incident—West Virginia Code § 61-11-26(a) reinforces West

---

[4] We note that the hearing transcript reflects that the circuit court thoroughly reviewed petitioner's petition because the court stated that it read petitioner's "argument" and indicated that it sympathized with petitioner's plight of having a criminal record.

[5] For example, West Virginia Code § 61-11-26(c)(l0) provides that the petition must set forth the steps a petitioner has taken toward rehabilitation. In his petition, petitioner stated that he was working toward his career goal of becoming a police officer and that "I do not want these stupid mistakes that I made freshman year of college to have a negative effect[.]" Petitioner concluded by stating that "I am not the same crazy kid . . . because I believe I have grown up and I am now making good decisions."

3

Virginia Code § 61-11-26(b)'s bar against persons with other prior or subsequent convictions from applying. In the instant case, petitioner does not dispute that the convictions which he sought to have expunged arose from three different incidents, occurring on three different dates: August 17, 2012, March 18, 2013, and April 6, 2013. Because his convictions did not arise out of the same transaction, we conclude that the circuit court correctly found that petitioner was ineligible for expungement pursuant to West Virginia Code § 61-11-26(b) and, therefore, did not err in denying the petition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 29, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II